IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**WILLIE E. KNOX and LINDA M. KNOX**                          **PLAINTIFFS**

**V.**                                                              **CAUSE NO.: 3:07CV29-SA-AA**

**NATIONSTAR MORTGAGE, LLC f/k/a CENTEX**                 **DEFENDANT**
**HOME EQUITY COMPANY, LLC f/k/a CENTEX**
**HOME EQUITY CORPORATION**

## MEMORANDUM OPINION GRANTING REMAND

Presently before the Court is the Plaintiffs' Motion to Remand this matter to the Chancery Court of Grenada County, Mississippi. Having considered the motion and response, the Court finds that the motion should be granted, and this cause remanded to state court for ultimate resolution.

### A. Factual and Procedural Background

The Plaintiffs filed this action in the Chancery Court of Grenada County, Mississippi, on February 1, 2007, asserting state law claims for, *inter alia*, breach of contract, wanton failure to train and monitor agents, and assault and battery. The Defendant removed the case to this Court asserting federal diversity jurisdiction as the basis for removal. Thereafter, the Plaintiffs motioned the Court to remand this matter to state court, contending that federal diversity jurisdiction does not exist because the amount in controversy requirement has not been satisfied. Thus, argues the Plaintiffs, the Court does not possess subject matter jurisdiction.

### B. Standard for Remand

The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place

where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000).

Once a motion to remand has been filed, the burden is on the removing party to establish that federal jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995). After removal of a case, the plaintiff may move for remand, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Fifth Circuit has held that the removal statutes are to be construed "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-9, 61 S. Ct. 868, 85 L. Ed. 1214 (1941).

Specifically, where the plaintiffs concede that the action is between citizens of different States but asserts that diversity jurisdiction does not exist due to the amount in controversy being less than $75,000, the plaintiffs' claim for damages - as set forth in the complaint - remains presumptively correct unless the removing defendant can show by a preponderance of the evidence that the amount in controversy is actually greater than $75,000. See Horton v. Liberty Mut. Ins. Co., 367 U.S. 348, 353, 81 S. Ct. 1570, 1573, 6 L. Ed. 2d 890 (1961)(holding that amount in controversy is determined from complaint itself, unless it appears that "the amount stated in complaint is not claimed in good faith."); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 282, 288, 58 S. Ct. 586, 590, 82 L. Ed. 845 (1938); St. Paul Reinsurance Co. Ltd. v. Greenberg, 134 F.3d 1250, 1253 (5th Cir. 1998); De Aguilar, 47 F.3d at 1412.

If the removing defendant is able to establish that the amount in controversy exceeds

$75,000, removal of the case is deemed proper unless the plaintiff shows that, as a matter of law, it is certain that he will not be able to recover more than $75,000. Allen, 63 F.3d at 1335-36; De Aguilar, 47 F.3d at 1411. In other words, once the removing defendant has established by a preponderance of the evidence that the federal jurisdictional minimum has been met, it must appear to a "legal certainty" that the plaintiffs' claim is for less than the jurisdictional amount; otherwise, the federal jurisdictional amount is deemed to have been met. De Aguilar, 47 F.3d at 1412.

For these reasons set forth below, the Court finds that the Plaintiffs' contentions concerning remand are well taken. The Defendant has not met its burden of establishing the existence of federal diversity jurisdiction, and therefore, the Plaintiffs' Motion to Remand this cause is granted.

*C. Discussion*

1. Diversity Jurisdiction

The amount in controversy in a given action is determined from the complaint itself, unless it appears that the amount stated in the complaint is not claimed in good faith. Horton, 367 U.S. at 353, 81 S.Ct. 1570 (citing St. Paul Mercury Indem. Co. 303 U.S. at 288, 58 S. Ct. 586). *The ad damnum* clause of Plaintiffs' Complaint states "[a]ll relief sought in this ad damnum [sic] clause and in this complaint are not to exceed $70,000.00 (with the exception of post judgment interest) and the Plaintiff[s] will not except [sic] a judgment for more than $70,000.00 nor will the Plaintiff[s] amend this complaint to request more than $70,000.00." Plaintiffs' Complaint, on its face, is clear regarding the amount of damages sought. And, as noted above, in diversity cases, federal courts possess subject matter jurisdiction only "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs . . ." 28 U.S.C. § 1332(a).

Mississippi law limits Plaintiffs' recovery to the amount pled but does not prohibit

3

amendment to the *ad damnum* clause. The Court finds that the instant motion has the effect of a stipulation precluding the Plaintiffs from increasing the *ad damnum* clause in state court. Accordingly, the Plaintiffs are "legally bound to accept less" than the federal jurisdictional amount. Allen, 63 F. 3d at 1335 n.14 ("where the plaintiff's claims can be proved to be of the type that are worth more than [the jurisdictional minimum], they can be removed unless the plaintiff can show he is legally bound to accept less"). Therefore, the Court finds that the actual amount in controversy does not invoke diversity jurisdiction, and thus, Plaintiffs' Motion to Remand is granted.

2. Sanctions, Attorney's Fees and Costs

The Plaintiffs have also requested in their Motion to Remand an award of sanctions, in addition to the attorney's fees and costs. In doing so, the Plaintiffs invoke 28 U.S.C. § 1447(c), which provides that "[a]n order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."

The Supreme Court and the Fifth Circuit have held that while district courts have discretion in deciding whether to award costs and fees to non-removing parties, the central question that district courts must consider in exercising their discretion is whether the removing party had objectively reasonable grounds to believe that removal was legally proper. Martin v. Franklin Captial Corp., 546 U.S. 132, 138, 126 S. Ct. 704, 163 L. Ed. 2d 547 (2005); Valdes v. Wal-Mart Stores, Inc., 199 F.3d 290, 293 (5th Cir. 2000). Here, the Court finds that the removing Defendant had objectively reasonable grounds to believe that removal was legally proper; the question of potential federal jurisdiction was legitimate, and an award of fees, costs, or sanctions is not justified. As such, the Plaintiffs' request for costs, fees, and sanctions is denied.

*C. Conclusion*

The Court holds that federal subject matter jurisdiction pursuant to 28 U.S.C. § 1332 is not present. While the controversy is between citizens of different states, the amount in controversy is less than the sum of $75,000.00. As such, pursuant to 28 U.S.C. § 1447(c), the Court does not possess subject matter jurisdiction to adjudicate this cause and Plaintiffs' Motion to Remand is **GRANTED**. The Plaintiffs' request for an award of sanctions, fees, and costs, however, is **DENIED**.

A separate order in accordance with this opinion shall issue this day.

This the 24th day of June 2008.

                                            **/s/ Sharion Aycock**
                                            **UNITED STATES DISTRICT JUDGE**