**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION**

**ISOKINETICS, INC.**                                                                                **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO.: 1:06CV292-SA-JAD**

**DURATECH MEDICAL, INC.**                                                   **DEFENDANTS**
**AND BARRY DREWRY**

**MEMORANDUM OPINION DENYING DEFENDANTS' MOTION TO STAY
CIVIL PROCEEDINGS PENDING OUTCOME OF PARALLEL CRIMINAL CASE**

Presently before the Court is the Defendants' Motion to Stay Civil Proceedings Pending Outcome of Parallel Criminal Case. Having considered the submitted briefs, the Court finds that the civil suit and discovery shall proceed – unstayed.

*A. Factual and Procedural Background*

On October 26, 2006, Plaintiff filed its Complaint against Defendants alleging breach of contract, conversion, violation of a non-compete agreement, and fraud, all in relation to the alleged misappropriation of Plaintiff's property by Defendant Drewry, through his company Duratech Medical, Inc. Plaintiff propounded Interrogatories and Requests for Production of Documents and Things to Defendants on August 31, 2007. On September 7, 2007, Defendant Drewry was indicted for embezzlement and conversion of more than $500.00, in violation of Miss. Code Ann. § 97-23-19, related to the conduct upon which this civil action is based.

Thus far, Defendants have failed to respond to Plaintiff's discovery requests. Defendants have moved for this action to be stayed until the completion of the criminal proceedings due to the similarities of the instant case to the pending criminal case and the difficulties caused by simultaneously proceeding with both actions.

*B. Discussion*

While "[t]here is no general federal constitutional, statutory, or common law rule barring the simultaneous prosecution of separate civil and criminal actions . . . [i]n 'special circumstances,' . . . a district court should stay one of the proceedings pending completion of the other to prevent a party from suffering substantial or irreparable prejudice." SEC v. First Fin. Group, 659 F.2d 660, 668 (5th Cir. 1981) (quoting United States v. Kordel, 397 U.S. 1, 11, 90 S. Ct. 763, 25 L. Ed. 2d 1 (1970)).

In ruling on Defendants' motion, the Court "measure[s] the relative weights of the parties' competing [constitutional and procedural] interests with a view toward accommodating those interests, if possible. This balancing-of-interests approach ensures that the rights of both parties are taken into consideration before the Court decides whose rights predominate." Wehling v. Columbia Broad. Sys., 698 F.2d 1084, 1089 (5th Cir. 1979).

Defendants argue that proceeding in this civil action would be too costly for them when weighed against Plaintiff's competing interests. According to Defendant Drewry, the use of his constitutional right against self-incrimination would adversely affect his right to defend himself in the civil proceedings and his right to prosecute his counterclaim.[1] In response, Plaintiff argues that a total stay would hamper its ability to pursue pertinent, non-privileged information in a timely manner.

Under the federal discovery rules, any party to a civil action is entitled to all information relevant to the subject matter of the action before the court unless such information is privileged.

---

[1] Unlike in a criminal case, in a civil case if a defendant refuses to testify in response to probative evidence offered against him based on his Fifth Amendment privilege, an adverse inference may be drawn against him. Mitchell v. United States, 526 U.S. 314, 327, 119 S. Ct. 1307, 143 L. Ed. 2d 424 (1999).

Fed. R. Civ. P. 26(b)(1). As the Fifth Circuit has observed, "[e]ven if the rules did not contain specific language exempting privileged information, . . . the Fifth Amendment would serve as a shield to any party who feared that complying with discovery would expose him to a risk of self-incrimination." Wehling, 608 F.2d at 1086. The fact that the privilege is raised in a civil proceeding rather than a criminal prosecution does not deprive a party of its protection. Lefkowitz v. Cunningham, 431 U.S. 801, 805, 97 S. Ct. 2132, 53 L. Ed 2d 1 (1977); McCarthy v. Arndstein, 266 U.S. 34, 40, 45 S. Ct. 16, 69 L. Ed. 158 (1924).

Therefore, under both the Federal Rules of Civil Procedure and the Constitution, Defendant Drewry is under no obligation to disclose to Plaintiff information that he reasonably believes may be used against him in a criminal prosecution. Maness v. Meyers, 419 U.S. 449, 461, 95 S. Ct. 584, 42 L. Ed. 2d 574 (1975); Hoffman v. United States, 341 U.S. 479, 486, 71 S. Ct. 814, 95 L. Ed. 1118 (1951). Defendants have failed to persuade the Court that a total stay is warranted simply because an adverse inference may be drawn against them if Defendant Drewry invokes his Fifth Amendment privilege. The Court is unconvinced that a stay of proceedings is necessary to prevent substantial or irreparable prejudice to the Defendants.

As to a stay of discovery, while Defendant Drewry may invoke his Fifth Amendment right against self-incrimination to specific discovery seeking privileged information, he may not assert a blanket refusal to respond to all discovery requests on the ground they are privileged. First Fin. Group, 659 F.2d at 668. "[S]uch a blanket assertion of the privilege is insufficient to relieve a party of the duty to respond to questions put to him." Id. Furthermore, "even if the danger of self-incrimination is great, [Defendant's] remedy is not to voice a blanket refusal to produce his records or testify." Id. "Instead, he must present himself with his records for questioning, and as to each

question and each record elect to raise or not to raise the defense." United States v. Roundtree, 420 F.2d 845, 852 (5th Cir. 1969) (footnote omitted). "Requiring a party to object with specificity to the information sought from him permits the district court to rule on the validity of his claim of privilege." First Fin. Group, 659 F.2d at 668. Accordingly, Defendant Drewry must participate in discovery, divulge non-privileged information only, and object with specificity to each inquiry to which he believes his Fifth Amendment privilege applies The Court then may determine by reviewing Drewry's records and by considering each question whether, in each instance, the claim of self-incrimination is well-founded.

*C. Conclusion*

Upon consideration, the Court is of the opinion that this case does not present special circumstances which warrant a stay of this action pending completion of the criminal proceeding. Defendants have failed to demonstrate that substantial and irreparable prejudice would result without a stay. Therefore, Plaintiff may pursue non-privileged information as provided under the Federal Rules of Civil Procedure. As noted above, Defendant Drewery should participate in discovery, divulged non-privileged information, and object with specificity to each inquiry to which he believes his Fifth Amendment privilege applies. For these reasons, Defendants' Motion to Stay is **DENIED**.

A separate order in accordance with this opinion shall issue this day.

**SO ORDERED** this the 25th day of June, 2008.

    /s/ Sharion Aycock
**U. S. DISTRICT COURT JUDGE**